UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>KEVIN P. CONLEY, JR., | Case No. 6:21-mj-00002-HBK<br><br>AMENDED[1] ORDER DENYING WITHOUTT PREJUDICE GOVERNMENT'S MOTION TO DISMISS<br><br>(Doc. No. 14) |

      Pending before the Court is the Government's Motion to Dismiss filed on October 3, 2022. (Doc. No. 14). On February 26, 2021, Defendant was charged in a four-count criminal complaint with the following: (1) operating a motor vehicle while under the influence of alcohol to a degree that rendered him incapable of safe operations in violation of 36 C.F.R. §4.23(a)(1); (2) operating a motor vehicle while the blood alcohol per 100 milliliters of blood or 0.08 grams or more of alcohol per 210 liters of breath in violation of 36 C.F.R. §4.23(a)(2); (3) possessing an open container of alcohol in a motor vehicle in violation of 36 C.F.R. §4.14(b); and (4) refusing to submit to an evidentiary test in violation of 36 C.F.R. §4.23(c)(2). (Doc. No. 1). According to the complaint, the arresting officer noticed Defendant had slurred speech, watery eyes, and smelled alcohol coming from the inside of Defendant's vehicle. (*Id*. at 2). When asked if he had consumed alcoholic beverages, Defendant admitted that he had. (*Id*.). A partially empty bottle of beer was located behind the Defendant's seat and 6 other empty bottles of beer were located in

---

[1] Amended to correct scrivener's error at 2:28 on original order (Doc. No. 15).

1  the bed of the truck.  Per the complaint, Defendant refused to submit to an evidentiary breath test

2  at the scene to determine his level of intoxication but then consented to a blood sample.  (*Id*. at 4).

3        The Court appointed counsel for defendant at his initial appearance on March 23, 2021.

4  (Doc. Nos. 5, 8).  After being granted an extension of time, a status conference was held on June

5  22, 2021 and a motions schedule was set.  (Doc. Nos. 10, 11).  On September 23, 2022 the Court

6  conducted a *sua sponte* review of the docket, noted that the motions calendar had run, and set the

7  matter for a bench trial for October 7, 2022.  (Doc. No. 13).  The Government's trial brief was

8  due no later than September 30, 2022.  (*Id*.; *see generally* docket).  No brief was file and instead,

9  the Government filed the instant motion to dismiss on October 3, 2022.  (Doc. No. 14).  The

10  Government's motion consists of a single sentence: "Pursuant to Rule 48 of the Federal Rules of

11  Criminal Procedure, and by leave of Court endorsed hereon, the United States hereby moves the

12  Court for an order of dismissal of case 6:21- mj-00002-HBK, without prejudice and in the interest

13  of justice."  (*Id.*).

14        A "district court's discretion to deny leave [under Rule 48] is limited" and is only

15  permitted where "the motion was clearly contrary to manifest public interest."

16  *United States v. Gonzalez,* 58 F.3d 459, 461-462. (9th Cir. 1995); *United States v. Garcia-*

17  *Valenzuela*, 232 F.3d 1003, 1008 (9th Cir. 2000) (finding the district court had abused their

18  discretion in denying a Rule 48 because there was "no evidence … that the government's motion

19  was contrary to public interest.").  The prosecution bears a responsibility to bring to the court's

20  attention the grounds for dismissal.  *Fed. R. Crim. Proc. Handbook* p. 772 (2022).    The Court

21  lacks sufficient information to determine whether the present dismissal is clearly contrary to

22  public interest.  There is a strong public interest "in keeping drunk drivers off the road."  *Aiona v.*

23  *Judiciary of State of Hawaii*, 17 F.3d 1244, 1249 (9th Cir. 1994); *Mackey v. Montrym*, 443 U.S. 1

24  (1979) (there is a "paramount interest … in preserving the safety of" public roads).  To allow

25  dismissal of these charges absent any explanation from the government would be an abdication of

26  the Court's duty to protect the public interest.  *See United States v. Amaya*, 206 F. App'x 757,

27  760-61 (10th Cir. 2006)("to honor the purpose of the rule, the trial court at the very least must

28  know the prosecutor's reasons for seeking to dismiss the indictment and the facts underlying the

prosecutor's decision"). While this Court should not second-guess the prosecutor's motive to dismiss charges, it does not act as a rubber-stamp for the prosecutor. The Court will therefore deny the government's motion without prejudice. ***The government may refile their motion to include sufficient information for the Court to determine how the dismissal is not against public interest..***

Accordingly, it is hereby **ORDERED:**

The Government's Motion to Dismiss (Doc. No. 14) is DENIED without prejudice.

Dated:   October 6, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE